UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DON ELVIS SUGAR PRESLEY, a/k/a Edward Curtis,
a/k/a Bruce Lee,

Plaintiff,

v.                                                          9:15-CV-0992
                                                            (MAD/CFH)

A. SAMBUCO, et. al.,

Defendants.

---

APPEARANCES:

DON ELVIS SUGAR PRESLEY
83-A-2337
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

The Clerk has sent to the Court for review a pro se civil rights complaint filed by

plaintiff Don Elvis Sugar Presley pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1

("Compl.").  Plaintiff, who has not paid the statutory filing fee, seeks leave to proceed in forma

pauperis. Dkt. No. 2 ("IFP Application").

## II.    IFP Application

Upon review of plaintiff's IFP Application, the Court finds that plaintiff has

demonstrated sufficient economic need and filed the inmate authorization form required in the

Northern District of New York. Therefore, the Court must now determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars plaintiff from proceeding in forma pauperis. Section 1915(g) provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## A.    Litigation History

Having reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, the Court has determined that plaintiff is a frequent litigator in the federal courts and is well aware of the "three strikes" rule.[1] The three strikes rule set forth in Section 1915(g) has been enforced against plaintiff in this District beginning as early as June 6, 2011. *See Curtis v. NAS, Deputy Clerk*, No. 9:11-CV-0316 (LEK/RFT), Decision and Order (N.D.N.Y. June 6, 2011).[2] The three-strikes rule has also been enforced against plaintiff in *Curtis v. Central Office for State Prisons*, No. 9:11-CV-0469 (LEK/GHL), Decision and Order (N.D.N.Y. June 20, 2011); *Curtis v. Williams*, No.

---

[1] Plaintiff has filed more than twenty-two actions in the Northern District of New York since 2008, using the names Edward Curtis, Elvis Sugar Presley, Don Elvis Presley, and Don Elvis Sugar Presley. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited Sept. 11, 2015).

[2] The actions found to constitute "strikes" were: *Curtis v. N.Y. Bd. of Parole*, No. 9:10-CV-1189 (DNH/DRH), Decision and Order (N.D.N.Y. Jan. 3, 2011); *Curtis v. Superintendent*, No. 9:10-CV-0274 (FJS/DEP), Memorandum-Decision and Order (N.D.N.Y. June 4, 2010); and *Presley v. Educ. Sch. Bd.*, No. 5:08-CV-1004 (DNH/GHL), 2008 WL 5068927 (N.D.N.Y. Nov. 20, 2008), Judgment (Jan. 22, 2009).

11-CV-3401, Order (S.D.N.Y. Aug. 8, 2011);[3] *Presley v. Clinton Cnty. Court*, No.

9:11-CV-1299 (GTS/ATB), Memorandum-Decision and Order (N.D.N.Y. Mar. 8, 2012);

*Presley v. Governor*, No. 9:12-CV-0544 (TJM/DEP), Decision and Order (N.D.N.Y. May 2,

2012); Presley v. All Courts, No. 9:13-CV-1274 (GTS/CFH), Decision and Order (N.D.N.Y.

Dec. 11, 2013); *Presley v. Mental Health Doctors*, No. 9:13-CV-1507(TJM/RFT), Decision

and Order (N.D.N.Y. Dec. 12, 2013); and *Presley v. Governor Pataki*, No. 9:14-CV-0696

(MAD/ATB), Decision and Order (N.D.N.Y. October 7, 2014).  After reviewing these

decisions, as well as the docket sheets for the actions found to constitute strikes, this Court

likewise finds that plaintiff acquired three strikes prior to commencing this action in August

2015.[4]

     Thus, unless it appears that the "imminent danger" exception to the "three-strikes" rule

is applicable to this action, plaintiff may not proceed in forma pauperis.

## B.     The "Imminent Danger" Exception

     Congress enacted the imminent danger exception as a "safety valve" to prevent

impending harms to prisoners otherwise barred from proceeding in forma pauperis.  *Malik v.

McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).  "[F]or a prisoner to qualify for the imminent

danger exception, the danger must be present when he files his complaint—in other words, a

three-strikes litigant is not excepted from the filing fee if he alleges a danger that has

---

[3] In addition to the actions found to be strikes in *Curtis v. NAS, Deputy Clerk*, No. 9:11-CV-0316, *supra,* the Southern District found that plaintiff earned a fourth strike from the dismissal of *Curtis v. Tompkins*, No. 11 Civ. 1494, Order of Dismissal (S.D.N.Y. Apr. 4, 2011).

[4] The Second Circuit has held that a district court may rely on the relevant docket sheets to determine whether the three strikes limitation on in forma pauperis proceedings applies if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir.  2010).

dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (stating that imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). Section 1915(g) allows a three-strikes litigation to proceed in forma pauperis only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges. *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99. Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [the plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed in forma pauperis, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

The term "serious physical injury" in section 1915(g) is not defined. The Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted). "[T]hough

4

[a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Id.* Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

Here, the complaint is dated August 14, 2015 and therefore, the claims relevant for the determination of "imminent danger" are those surrounding this date. *See Chavis*, 618 F.3d at 171. Plaintiff's claims relate to the filing of a misbehavior report in July 2015 that charged plaintiff with failure to obey orders, providing false statements, impersonating employees and forging documents. *See* Compl. at 8; *see also* Dkt. No. 1-1 at 1. Construing plaintiff's complaint with the leniency that the Court must afford a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not plausibly suggest physical harm or injury, let alone imminent danger of serious physical injury. Plaintiff has failed specifically to plead facts sufficient to place him within the imminent danger exception provided by Section 1915(g), which is available "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" *Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at \*2 (N.D.N.Y. Aug. 19, 2010). As a result, plaintiff is barred from proceeding with this action in forma pauperis, and his IFP Application is denied. If plaintiff wishes to proceed with this action, he must pay the statutory filing fee of four hundred dollars ($400.00) within thirty (30) days of the filing date of this Decision and Order.[5] Upon payment of the filing fee, the Clerk shall return the file to this Court for review

---

[5] The $400.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00.

of the complaint in accordance with 28 U.S.C. § 1915A.

Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further order of this Court.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has "three strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED without prejudice** unless, within thirty (30) days of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full; and it is further

**ORDERED** that, if plaintiff timely pays the filing fee in full, the Clerk shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A;[6] and it is further

**ORDERED** that if plaintiff fails to timely pay the filing fee in full, the Clerk is directed to enter judgment indicating that this action is **DISMISSED**, **without prejudice**, without further order of this Court, and close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

---

[6] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.  The Court expresses no opinion regarding the sufficiency of plaintiff's complaint at this time.

**IT IS SO ORDERED.**

Dated: September 14, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge